**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DAWN LIBERTY VIGUE,**

        **Plaintiff,**                   **Case No. 2:25-cv-00987**

      **v.**                           **Judge Michael H. Watson**
                                     **Magistrate Judge Kimberly A. Jolson**

**WILLIAM J. JAUTAUSCH,
JR., et al.,**

        **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Undersigned for consideration of several Motions (Docs. 1, 2, 3), and the initial screen of Plaintiff's Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2). Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 1) is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. *See* 28 U.S.C. § 1915(a). After conducting the required initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

**I.**      **STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012). Nor

is it the Court's role to "ferret out the strongest cause of action on behalf of *pro se* litigants" or advise "litigants as to what legal theories they should pursue." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (considering the *sua sponte* dismissal of an amended complaint under 28 U.S.C. § 1915(e)(2)).  At bottom, "basic pleading essentials" are still required, regardless of whether an individual proceeds *pro se*.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

These essentials are not onerous or overly burdensome.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). In reviewing Plaintiff's Complaint at this stage, the Court must construe it in her favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although this standard does not require "detailed factual allegations, . . . [a] pleading that offers labels and conclusions" is insufficient.  *Id.* at 678 (internal quotation and quotation marks removed).  In the end, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement."  *Id.* (internal quotation and quotation marks omitted).

Courts also "understand § 1915(e)(2) to include screening for lack of subject matter jurisdiction." *Howard v. Good Samaritan Hospital*, No. 1:21-cv-160, 2022 WL 92462, at *2 (S.D. Ohio Jan. 10, 2022).  Indeed, courts are obligated to consider whether they have subject matter jurisdiction and may raise jurisdictional issues *sua sponte*.  *Klepsky v. United Parcel Serv., Inc.*,

489 F.3d 264, 268 (6th Cir. 2007).  If a court finds that that it lacks subject matter jurisdiction, it must dismiss the case.  Fed. R. Civ. P. 12(h)(3).

## II.  DISCUSSION

Plaintiff's Complaint is not a model of clarity.  As best the Undersigned can tell, Plaintiff sues several Defendants for actions related to her housing.  (Doc. 1-1 at 2).  Specifically, Plaintiff alleges that Defendant Doug Richmond "falsified" unknown documents potentially related to Plaintiff's "complaint[s]" about mold.  (*Id.* at 3).  She further states that Defendant Chip Robert defamed her when he said she has "mental problems."  (*Id.*).  Additionally, Plaintiff claims that Defendant Bill Jantausch, her landlord, did not accept rent payments made on her behalf by two charitable organizations.  (*Id.* at 4).  Plaintiff also alleges that "Jeff . . . the maintenance man," and tenants Robert Nibet and Shelly Chapman harassed her.  (*Id.*).  As relief, Plaintiff seems to seek an order for these individuals to comply with landlord-tenant laws; damages; "a new living arrangement"; and an order clearing her "record."  (*Id.* at 5).  However, even construing Plaintiff's allegations generously, the Court does not have jurisdiction to hear this case.

Under 28 U.S.C. § 1331, a federal district court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  Up front, the Undersigned observes that Plaintiff does not identify the specific claims she brings against any Defendant.  (*See generally* Doc. 1-1).  Potential claims include defamation, harassment, and violation of Ohio landlord-tenant laws.  *See* Ohio Rev. Code § 5321.02.  None of these claims, on their face, arise under the Constitution, laws, or treaties of the United States.  And while Plaintiff indicates this case is brought against Defendants acting under the color of state law who deprived her a right secured by federal law or the Constitution (Doc. 1-1 at 2), her sparse allegations do not allow the

Undersigned the conclude as much. Therefore, the Court does not have federal question jurisdiction.

Alternatively, under 28 U.S.C. § 1132(a), a federal district court has original jurisdiction of a civil action where the amount in controversy exceeds $75,000 and the case is between citizens of different states. Here, Plaintiff identifies herself and all the Defendants as citizens of Ohio. (Doc. 1-1 at 1–2). Therefore, the Court does not have diversity jurisdiction either.

Because the Court does not have jurisdiction to hear this case, the Undersigned **RECOMMENDS** this matter be **DISMISSED**. Still the Undersigned briefly addresses Plaintiff's other Motions.

First, Plaintiff filed a Motion to Appoint Counsel. (Doc. 2). Although the Court has the statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane,* 992 F.2d 601, 605–06 (6th Cir. 1993) (internal quotation omitted). Rather, "it is a privilege that is justified only by exceptional circumstances." *Id.* at 606. After considering the circumstances here, the Court finds that the appointment of counsel is not warranted. Generally, a motion to appoint counsel is appropriate after a complaint survives motions to dismiss and motions for summary judgment. The Court also makes every effort to appoint counsel in cases that proceed to trial. Even if this case were to proceed beyond the initial screen, Plaintiff's request is premature. Consequently, Plaintiff's Motion is **DENIED without prejudice**.

Second, Plaintiff filed a Motion to Stay. (Doc. 3). The Court is unsure what Plaintiff seeks to stay. In the narrative section of her Motion, she seems to reiterate the relief sought in her Complaint. (*Id.*). That is, she lists various laws she wants followed and types of damages she

seeks. (*Id.*).  Because this Motion does not appear to ask the Court to stay anything, the Motion is **DENIED**.

### III.    CONCLUSION

For the foregoing reasons, the Undersigned **GRANTS** Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1), **DENIES without prejudice** her Motion to Appoint Counsel (Doc. 2), and **DENIES** her Motion to Stay (Doc. 3).  After conducting an initial screen of the Complaint under 28 U.S.C. § 1915(e)(2), the Undersigned **RECOMMENDS** that it be **DISMISSED**.

Date: September 5, 2025                        /s/Kimberly A. Jolson
                                               KIMBERLY A. JOLSON
                                               UNITED STATES MAGISTRATE JUDGE

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and operates as a waiver of the right to appeal the decision of the

District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985);

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).